IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

ROBBIE JACKSON,                )
                               )
        Plaintiff,             )
                               )     CIVIL ACTION NO.
        v.                     )       2:10cv60-MHT
                               )          (WO)
FORT DEARBORN LIFE             )
INSURANCE COMPANY,             )
                               )
        Defendant.             )

OPINION AND ORDER

It is ORDERED that the defendant's motion to dismiss
and alternative motion for summary judgment (doc. no. 8)
are denied.


***


"The law is clear in this circuit that plaintiffs in
ERISA actions must exhaust available administrative
remedies before suing in federal court." Counts v.
American General Life and Acc. Ins. Co., 111 F.3d 105,

108 (11th Cir. 1997).  In <u>Counts</u>, the Eleventh Circuit Court of Appeals explained that, where there is an inadequate benefits termination letter, "[t]he consequence ... is that the normal time limits for administrative appeal may not be enforced against the claimant."  <u>Id</u>. (citing <u>Epright v. Environmental Resources Management, Inc. Health & Welfare Plan</u>, 81 F.3d 335, 342 (3rd Cir. 1996); <u>White v. Jacobs Eng'g Group</u>, 896 F.2d 344, 350 (9th Cir. 1989)).  "Thus, the usual remedy is not excusal from the exhaustion requirement, but remand to the plan administrator for an out-of-time administrative appeal."  <u>Counts</u>, 111 F.3d at 108 (citing <u>Weaver v. Phoenix Home Life Mut. Ins. Co.</u>, 990 F.2d 154, 159 (4th Cir. 1993); <u>Brown v. Babcock & Wilcox Co.</u>, 589 F. Supp. 64, 71-72 (S.D. Ga. 1984)).  <u>Counts</u>, like the case at bar, was a disability benefits case.

Similarly, in a more recent case involving a profit sharing plan claim, the Eleventh Circuit concluded that a benefit determination letter was inadequate and,

following Counts, suggested that the district court should remand the case so that the plaintiff could appeal before the plan administrator. Cromer-Tyler v. Teitel, 294 Fed. Appx. 504, 508 (11th Cir. 2008). The Eleventh Circuit explained that the letter was inadequate because: (1) "it provided a determination of benefits without stating a specific reason for the determination"; (2) "it did not specify the particular provision on which the determination was based"; and (3) "it did not describe the procedures necessary to review the claim." Id.

Finally, in Watts v. Bellsouth Telecommunications, Inc., 316 F.3d 1203 (11th Cir. 2003), a disability benefits case, the Eleventh Circuit held that a "claim ought not to be barred by the doctrine of exhaustion if the reason the claimant failed to exhaust is that she reasonably believed, based upon what the summary plan description said, that she was not required to exhaust her administrative remedies before filing a lawsuit." Id. at 1207. In Watts, the court explained that the

3

reason the plaintiff "did not complete her administrative remedies is that the summary plan description caused her to believe exhaustion of administrative remedies was not necessary to pursuing her claim in court." <u>Id</u>. Note, though, that the remedy, in <u>Watts</u>, was that the plaintiff was excused from the requirement (in other words, there was no remand to the administrator).

Weaving the reasoning from <u>Counts</u> and <u>Watts</u> together, it could be argued that the evidence is in dispute as to whether the plan description, taken together with plaintiff's correspondence with defendant, led the plaintiff to believe that she had exhausted her administrative remedies as required. More specifically, the evidence could support the conclusion that the plaintiff reasonably believed that she had met the two prerequisites for an ERISA action: (1) that she had filed her appeal and (2) that the defendant's second denial, on June 22, 2009, was a denial on appeal.

The evidence is also in dispute as to whether, to the extent that the June 22 denial was not a denial on appeal, it was, under Counts, inadequate given that it did not clearly spell out the fact that the plaintiff would have to file another appeal in order to file an ERISA claim or, in other words, the June 22 denial did not make it clear that the plaintiff's prior appeal did not count for purposes of meeting the prerequisite for an ERISA claim, nor did it explain that it was not a denial on appeal.

Moreover, pursuant to Watts's reasoning, the evidence is in dispute as to whether plaintiff ought not to be barred by the doctrine of exhaustion as a result of the alleged lack of clarity and confusion arising out of defendant's correspondence with her.  As the defendant admits, it was incorrect to deny the plaintiff's claim in the first place for procedural reasons.  It could be argued that the first denial, however, initiated a confusing chain of correspondence; that this confusion was multiplied when the defendant repeatedly made reference

to the fact that the plaintiff had filed an "appeal" in its letters to the plaintiff; and that, finally, the June 22 denial did not clear up the confusion.

DONE, this the 28th day of September, 2010.

    /s/ Myron H. Thompson    
UNITED STATES DISTRICT JUDGE